[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, D'Amato Investments, is a landlord who brings this action to recover the cost of replacing a heating and air conditioning unit which he claims the defendant, tenant, removed from the premises when he moved out after the lease expired.
The defendant leased the premises for several years from the plaintiff so that the latter could operate a Chinese restaurant. In 1993, the heating and air conditioning unit failed and required replacement. The defendant had it replaced at the cost of $3,187.00. He did not tell the plaintiff that he had done so, although the lease provided that the tenant shall be responsible for the first $300.00 of repairs for a heating and air conditioning unit and the landlord would be responsible for the rest of the cost of the repairs. Thus, the landlord would have had to pay the balance of the $3,187.00 after the tenant paid the first $300.00, or a net amount of $2,487.00. At the end of the lease in October, 2000, the tenant told the landlord that he had replaced the heating and air conditioning unit and offered him an opportunity to buy the unit. He also told the landlord that if he did not buy it that he, the tenant, would take it with him. The landlord refused to buy the unit. The tenant, therefore, took it with him when he left the premises. The landlord then installed a new unit at a cost of $4,790.00. He demands that the tenant pay him this amount plus attorney's fees in accordance with Article 23 of the lease.
The lease also provides under Article 3 that any repairs made to the heating and air conditioning system in access of $300.00 require prior approval from the landlord and must be obtained before any work is done by the tenant. An addendum to Article 3 states that the tenant agrees to obtain a service contract for the proper maintenance of the heating and air conditioning system.
The plaintiff argues that since the defendant removed the unit and he had to replace it, he is entitled to the cost of such replacement in the CT Page 13007 amount of $4,790.00. The defendant claims that the plaintiff could have purchased the unit from him for $2,487.00, the amount it cost him less $300.00.
The court finds that if the plaintiff purchased the unit installed by the defendant it would have cost him only $2,487.00 the cost of the unit less the defendant's obligation to pay the first $300.00. The defendant said he offered to sell the unit to the plaintiff for that amount but the plaintiff refused to buy it. It is the opinion of the court that the plaintiff failed to mitigate his damages by not purchasing the unit installed by the defendant. He gave no reason why he didn't do so, he just refused to buy it. The court finds that he had a duty to mitigate damages and that by paying considerably more money for a new unit he did not appropriately mitigate damages. It is the opinion of the court that the plaintiff is only entitled to the amount that he could have paid for the unit by purchasing it from the defendant not the higher price he did pay.
Accordingly, the court awards damages to the plaintiff in the amount of $2,487.00 plus attorney's fees of $1,377.25.
___________________ D. Michael Hurley, JTR CT Page 13008